IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XP INNOVATIONS INC., | § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. H-13-1856 |
| BLACK RAPID, INC., | § § § § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Black Rapid, Inc.'s ("Black Rapid") motion to dismiss plaintiff XP Innovations, Inc.'s ("XP Photo") complaint. Dkt. 7. After considering the complaint, the motion, and the applicable law, the court is of the opinion that Black Rapid's motion to dismiss should be **GRANTED**.

**I. BACKGROUND**

Millionway International, Inc. ("Millionway") and Black Rapid are competitors in the camera strap market. (*Millionway Int'l, Inc. v. Black Rapid, Inc.,* 4:13-CV-01780, Dkt. 1). XP Photo sells Millionway's products. Dkt. 1 ¶ 17 (Original Complaint). On November 1, 2011, the United States Patent and Trademark Office ("Patent Office") granted Black Rapid a utility patent on a camera transport system and method, known as the '729 Patent. Dkt. 1 ¶ 10. The Patent Office issued a reexamination certificate confirming the validity of the '729 Patent on March 5, 2013. *Id.* On March 6, 2013, Black Rapid filed suit against Millionway in the United States District Court for the Central District of California ("California Court") for infringement of the '729 Patent. *Id.* ¶ 12. Millionway did not answer, and Black Rapid filed a motion for default judgment on April 5, 2013. Dkt. 7,

Ex. F.[1]  The California Court entered default judgment against Millionway on June 10, 2013, and additionally permanently enjoined Millionway and its agents from infringing the '729 Patent. Dkt. 7, Ex. B (granting Black Rapid's motion for default judgment).  Therefore, the California Court deemed Black Rapid's factual allegations in its original complaint as true, including a determination that Millionway's camera straps including the "Carry Speed" line of products, infringed the '729 Patent. *Id.*

On June 25, 2013, XP Photo filed its original complaint against Black Rapid seeking a declaratory judgment invalidating the '729 Patent. Dkt. 1. XP Photo alleges that Black Rapid's '729 Patent is invalid and unenforceable because Black Rapid allegedly failed to provide material information to the Patent Office while the '729 Patent was being reexamined. *Id.* XP Photo also asserts claims for unfair competition and tortious interference with business relations. *Id.* On August 19, 2013, Black Rapid filed its motion to dismiss XP Photo's claims, arguing that they are barred by res judicata and that XP Photo fails to state a claim upon which relief can be granted. Dkt. 7.  XP Photo did not file a response.

## II. Legal Standard

### A. Rule 12(b)(6) Motion to Dismiss

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a court may permissibly refer to matters of public record." *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir.1994).

677, 129 S. Ct. 1937 (2009).  Though a complaint does not need detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps.  First, the court separates legal conclusions from well-pled facts, as legal conclusions are not entitled to the presumption of truth.  *Iqbal*, 556 U.S. at 678–80.  Second, the court then reviews the well-pled factual allegations, assumes that they are true, and then determines whether they "plausibly give rise to an entitlement to relief."  *Id.* at 679.

### B. Res Judicata

Generally, a res judicata contention "cannot be brought in a motion to dismiss" but must instead "be pleaded as an affirmative defense." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).  However, when it is "apparent on the face of the pleadings, res judicata may be an appropriate grounds for dismissal." *Ray v. Kindred Hosp.*, No. 4:12-CV-1033, 2013 WL 4041334, at *2 (S.D. Tex. Aug. 6, 2013) (citation omitted); *see also Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("[A] claim may . . . be dismissed if a successful affirmative defense appears on the face of the pleadings.").  Additionally, when the court reviews a Rule 12(b)(6) motion to dismiss, "the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### III. ANALYSIS

The validity and infringement of the '729 Patent were the central claims in the previous California suit.  The affirmative defense of res judicata is apparent on the face of XP Photo's pleadings, which discuss the California litigation.  It is clear from the complaint that both cases

3

involve enforcement of the same patent. The doctrine of res judicata bars claims that either were litigated or should have been litigated in an earlier suit. *See Test Masters*, 428 F.3d at 571. For res judicata to apply, four elements must be established: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

### A. Identity of Parties

Res judicata bars litigation by parties that are identical to those in a prior action or those that are in privity with the parties of the private action. *See Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). The Fifth Circuit has held that privity exists when the non-party's interests were adequately represented by a party to the original suit.[2] *Id.* at 1266. Courts treat adequate representation as synonymous with virtual representation. *See id.* at 1267 ("[T]he concept of 'adequate representation' does not refer to apparently competent litigation of an issue in a prior suit . . . ; rather, it refers to the concept of virtual representation, by which a nonparty may be bound." (quoting *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 864 (5th Cir.1985))). A party may be bound by a judgment even though not a party to the judgment "if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975). A party may be found in "privity" for res judicata purposes if "the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977).

---

[2] "Federal law determines the res judicata effect of a prior federal court judgment." *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992).

XP Photo brings this lawsuit against Black Rapid in its capacity as a distributor of the Millionway products that the California Court determined infringes the '729 Patent. XP Photo has no other apparent interest or claim in this case. Therefore, XP Photo's interests were represented by Millionway in the previous suit. XP Photo's relationship is considered sufficiently close to be in privity with Millionway, thus satisfying the first element of res judicata. Dkt. 1 at 2 ¶ c.

### B. Final Judgment on the Merits by a Court of Competent Jurisdiction

For purposes of res judicata, a default judgment operates as a final judgment on the merits. *See Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011) (citation omitted). On June 10, 2013, the California Court, a court of competent jurisdiction, entered final judgment enjoining Millionway and its agents and all persons acting under Millionway's permission and authority from infringing the '729 Patent. Dkt. 7, Ex. C. Therefore, the second and third elements of res judicata are satisfied.

### C. Same Cause of Action

The fourth element is determined by the transactional test, which states that "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters*, 428 F.3d at 571. The inquiry under the transactional test focuses on whether the two cases are based on "the same nucleus of operative facts . . . rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

In this case, XP Photo primarily seeks declaratory judgment invalidating and precluding enforcement of the '729 Patent. Dkt. 1 at 5–6. The focal point of the previous suit was the validity and infringement of the '729 Patent, which necessarily involves the same nucleus of operative facts

5

as a complaint for a declaratory judgment precluding enforcement of that same patent. The California Court entered judgment, finding the following: (1) Black Rapid owns the '729 Patent; (2) the Patent Office confirmed the validity of the patent following the reexamination; (3) Millionway infringed the '729 Patent by making, importing, using, selling, and offering to sell camera straps under the name "Carry Speed." Dkt. 7, Ex. D ¶ 13. Millionway was enjoined from further infringement. *See* Dkt. 7, Exs. A–D. Therefore, the fourth element is satisfied.

### *D. Rule 12(b)(6) Motion to Dismiss*

XP Photo also asserts common law claims for unfair competition and tortious interference with business relations. Dkt. 1. It is unclear whether Texas or Washington law applies, but the elements to establish unfair competition and tortious interference claims in Texas and Washington are similar.[3] In both states, an unfair competition claim requires that a plaintiff show an illegal or deceptive act by the defendant that interfered with the plaintiff's ability to conduct business. *See Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000) (citing *Schoellkopf v. Pledger*, 778 S.W.2d at 897, 904–05 (Tex. App.—Dallas 1989, writ denied)); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Similarly, both states require that a plaintiff allege an independently tortious, improper, or unlawful act by the defendant that prevented the business relationship from occurring to properly assert a claim for tortious interference with business relations. *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001); *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997).

---

[3] "In a diversity action, a federal court must apply the choice-of-law rules from the state in which it sits." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995). "Texas state courts use a choice-of-law formula borrowed from sections 6 and 145 of the Restatement (Second) of Conflict of Laws, and will apply the law of the state with the most significant relationship to a particular substantive issue." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452 (5th Cir. 2001) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984)).

### *1. Unfair Competition*

XP Photo asserts a claim for unfair competition, alleging that Black Rapid intimidated Millionway's suppliers, distributors, and customers with the threat of litigation to enforce the '729 Patent. Dkt. 1 ¶ 24. On June 12, 2013, Black Rapid sent a letter to notify XP Photo of the injunction issued by the California Court regarding the '729 Patent and "Carry Speed" products. Dkt. 1, Ex. B. Black Rapid's letter merely seeks to enforce the lawful judgment of the California Court. Without factual allegations of an independent tort or other illegal conduct by Black Rapid, XP Photo fails to state a claim for unfair competition. Black Rapid's motion to dismiss this claim is therefore GRANTED.

### *2. Tortious Interference*

XP Photo also asserts a claim for tortious interference with business relations, alleging that Black Rapid intimidated Millionway's suppliers, distributors, and customers with the threat of litigation to enforce the '729 Patent. Dkt. 1 ¶ 26. XP Photo alleges that the June 12, 2013 injunction notification letter is tortious interference meant to destroy Millionway's business agreements. Dkt. 1, Ex. B. XP Photo does not plead facts alleging an independently tortious, improper, or unlawful act on behalf of Black Rapid that prevented a business relationship. Black Rapid's conduct to enforce the lawful judgment of the California Court is not tortious interference. *See Prudential Ins. Co. of Am. v. Fin. Review Servs. Inc.*, 29 S.W.3d 74, 80 (Tex. 2000) (holding that enforcing a party's legal rights is not considered tortious interference). Without factual allegations of an independent tort or unlawful conduct by Black Rapid, XP Photo fails to state a claim for tortious interference with business relations. Black Rapid's motion to dismiss this claim is therefore GRANTED.

## IV. Conclusion

Black Rapid's motion to dismiss XP Photo's claims is **GRANTED**. XP Photo's claims are hereby **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

Signed at Houston, Texas on December 2, 2013.

_____
Gray H. Miller
United States District Judge